UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States ex rel. RONALD I. CHORCHES, Bankruptcy Trustee,<br><br>Bringing this action on behalf of THE UNITED STATES OF AMERICA, the ESTATE OF PAUL FABULA, and PAUL FABULA, Individually<br><br>    Plaintiff-Relator<br><br>    v.<br><br>AMERICAN MEDICAL RESPONSE, INC.,<br><br>    Defendant. | No. 3:12-cv-921 (MPS) |

## MEMORANDUM AND ORDER

Plaintiff-Relator Ronald Chorches, trustee of the bankruptcy estate of Paul Fabula, brings this action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendant American Medical Response, Inc. ("AMR"). Pending before the Court is Plaintiff-Relator's motion for leave to file the Fourth Amended Complaint ("FAC"). (ECF No. 105.)

## I. BACKGROUND

I assume familiarity with the underlying facts and this Court's and the Court of Appeals' previous rulings. I summarize certain relevant procedural facts below.

On June 22, 2012, Fabula filed this *qui tam* action as a relator on behalf of the United States. (ECF No. 1.) The United States declined to intervene in 2013. (ECF No. 18.) Fabula filed his second amended complaint ("SAC"), bringing a claim on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729(a)(1) and (a)(2) ("FCA"), and a claim on his own behalf for retaliation in violation of 31 U.S.C. § 3730(h). The Court dismissed the FCA claim and the retaliation claim, but stayed its decision to give Chorches, the trustee of Fabula's bankruptcy estate,

a chance to pursue the claims. (ECF No. 67.) On April 3, 2015, the Court entered an order, stating in relevant part, that no further amendments would be permitted after April 24, 2015. (ECF No. 75.) Chorches pursued the FCA claim by timely filing the Third Amended Complaint ("TAC"), which the Court later dismissed as well. (ECF No. 82.) In July 2017, the Second Circuit reversed the dismissal of the claims, holding that the SAC stated a retaliation claim and that the TAC stated a claim under the FCA. *See United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017).

Chorches and Fabula now seek leave to file the FAC. The proposed amendments would principally 1) substitute Fabula for Chorches as relator on the FCA claim, now that Fabula's bankruptcy proceeding has concluded and the claim has been transferred back to him; and 2) join the retaliation claim, previously set forth in the SAC, with the FCA claim, previously set forth in the TAC, in a single complaint. Chorches and Fabula also propose "some additional, non-substantive 'clean-up' changes" in the FAC. (ECF No. 106; ECF No. 113.)

## II. LEGAL STANDARD

Before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the Court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite the liberal standard for amending or supplementing pleadings, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

AMR opposes the motion to amend only to the extent that the purported "non-substantive 'clean-up' changes" will expand the geographic scope of the allegations beyond Connecticut; AMR does not oppose the substitution of Fabula as relator on the FCA claim or the joinder of the

FCA and retaliation claims. (ECF No. 109 at 4.) The allegations in the proposed FAC do not, however, expand the geographic scope of the claims in this action.

AMR argues that the amended basis for venue in this District will expand the geographic scope of this action beyond Connecticut, and will prejudice AMR through the expansion of discovery. (ECF No. 109 at 4.) Plaintiff-Relator previously alleged the following as the basis for venue in this District: "Venue is proper in this District pursuant to 31 U.S.C. §§ 3730(b) and 3732(a), and 28 U.S.C. § 1331, because AMR's wrongful acts occurred in Connecticut." (TAC ¶ 7.) The proposed FAC alleges, "Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)(1) & (2) because AMR is a resident of and transacts business in the State of Connecticut and because *a substantial part of* the proscribed events or omissions giving rise to Mr. Fabula's claims occurred in the State of Connecticut." (FAC ¶ 4 (emphasis added).) Although AMR argues that the language "a substantial part of" in the proposed FAC implies that Mr. Fabula's claim will now be based on nationwide allegations rather than Connecticut-based allegations only, the proposed amendment's language, which mirrors that of the statute providing for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," *see* 28 U.S.C. § 1391(b)(2), merely corrects an error in Plaintiff-Relator's basis for venue, which previously cited the wrong federal statute.

Moreover, that venue is allegedly proper in the District of Connecticut does not, and never has, limited Plaintiff-Relator to alleging facts arising in Connecticut. Indeed, the TAC included facts that could have entitled Plaintiff to discovery extending beyond Connecticut. (*See, e.g.*, TAC ¶ 121, alleging that in a "nationwide agreement, the [Corporate Integrity Agreement] went on to include specific, detailed obligations of AMR in order to fulfill all of its obligations — nationwide — under this agreement;" TAC ¶ 123, alleging that [Jeffrey] Boyd acted as AMR's "agent in the

3

Northeast and particularly in the New Haven operation, to implement the nationwide electronic changes in the billing procedures;" TAC ¶ 125, alleging that "Boyd boasted to ambulance personnel . . . about how he was the one who, at the national level, was responsible for designing and implementing features of the new billing program;" TAC ¶ 127, alleging that "companywide sessions for training to address AMR's 'new documentation policies' . . . were being given to personnel in all of AMR's 2,100 branches across the United States;" TAC ¶ 130, alleging that "Boyd advised Fabula that . . . because of its heavy volume, New Haven had been allowed by the national corporate office of AMR for years to maintain the level of having a relatively low percentage of its ambulance runs being billed to Medicare;" TAC ¶ 131, alleging that "Boyd told all the ambulance personnel . . . that every division of AMR had policies and training in place that was focused on increasing the billing reimbursement from Medicare, and that 'While New Haven was at around 40% for collecting from Medicare, other divisions were closer to 70%;'" TAC ¶ 132, alleging that "[f]ollowing the signing of the CIA, the policy from AMR at the corporate national level . . . was to increase the New Haven subsidiary's Medicare reimbursements to 70% of its runs;" TAC ¶ 136, alleging that "Boyd stated to a class of ambulance personnel . . . that for years every division of AMR had policies and training in place that increased billing payments from Medicare;" TAC ¶ 141, alleging that "Boyd boasted that . . . he'd been one of the designers of the nationwide application of the new electronic PCR filing system.") Thus, AMR has not demonstrated that it will be prejudiced through the expansion of discovery beyond what Plaintiff-Relator would have been entitled to under previous versions of the complaint.

AMR also argues that to the extent Plaintiff-Relator intends to expand the scope of this action beyond Connecticut (which, as discussed above, is based on the incorrect premise that this action was previously limited to alleging facts arising within Connecticut), the proposed new

allegation that "a substantial part of the proscribed events or omissions giving rise to Mr. Fabula's claims occurred in the State of Connecticut" does not satisfy Federal Rule of Civil Procedure 9(b), which requires fraud claims to be pled with particularity. (ECF No. 109 at 5.) AMR contends that the proposed amendment is therefore futile. (*Id.*) But while allegations of fraud must be pled with particularity, Rule 9(b)'s heightened pleading standard does not apply to allegations forming the basis for venue. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity *the circumstances constituting fraud or mistake*.") (emphasis added). Finally, to the extent AMR argues that allegations extending beyond Connecticut that are substantially unchanged from the TAC do not satisfy Rule 9(b), the Court of Appeals has already ruled that those allegations state a claim for relief. *See United States ex rel. Chorches*, 865 F.3d at 81-89 (holding that Plaintiff-Relator adequately pled a *qui tam* claim under Rule 9(b)).

Because the only changes in the proposed FAC to which AMR objects are not futile and will not unduly prejudice AMR, I GRANT the motion to amend. Defendant shall file a response to the FAC by **January 17, 2018**.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	January 3, 2018