UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES ex rel. PAUL FABULA, : | |
| : | |
| Plaintiff-Relator, : | |
| : | |
| v. : | CASE NO. 3:12cv921(MPS) |
| : | |
| AMERICAN MEDICAL RESPONSE : | |
| OF CONNECTICUT, INC., : | |
| : | |
| Defendant. : | |

## ORDER

The court has reviewed the [128] letter briefs submitted by the parties and concludes that the discovery dispute at issue is best decided upon a motion and briefing. If the parties cannot resolve the underlying issues on their own, the plaintiff may file a motion to compel in compliance with Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of Civil Procedure. Any such motion shall be filed by 9/4/2018 and shall set forth in the body of the accompanying memorandum (1) the specific, verbatim text of each discovery request at issue, followed by (2) the opposing party's response and/or objection, and (3) "the reason why the item should be allowed." D. Conn. L. Civ. R. 37(b)(1).

Where defendant objects on privilege grounds, defendant's opposition shall include an adequately detailed privilege log. See Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e). Such a log should be accompanied by an evidentiary declaration of an

individual with personal knowledge of the facts. See Davis v. City of New York, No. 10 CIV. 699(SAS)(HBP), 2012 WL 612794, at *5 (S.D.N.Y. Feb. 27, 2012) ("[T]he parties asserting privilege... have the burden of establishing through [their] privilege log, affidavits, or other evidentiary material that the elements of the privilege exist.") The court reserves decision as to whether, after review of the parties' briefs, it shall conduct an in camera review.

The parties are reminded of their meet and confer obligations under both the federal and local rules of civil procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. Fed. R. Civ. P. 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 37 provides: "No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a). The importance of the

meet and confer requirement cannot be overstated: it "ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves." <u>Cornell Research Found., Inc. v. Hewlett Packard Co.</u>, 223 F.R.D. 55, 59 (N.D.N.Y. 2003).

    Dated this 13th day of August, 2018 at Hartford, Connecticut.

                                  _____/s/_____
                                  Donna F. Martinez
                                  United States Magistrate Judge